FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 12 2017

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**JAMES W. McCORMACK, CLERK
**WESTERN DIVISION**By:_____
DEP CLERK

**MICHAEL REICHERT, et al.**
Plaintiffs,

v.

**MICHAEL P. HUERTA, AS ADMINISTRATOR,
FEDERAL AVIATION ADMINISTRATION,**
Defendant

CASE NO. *4:17-cv-389-BRW*
This case assigned to District Judge __Wilson__
and to Magistrate Judge __Ray__

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1.     In 2012, Congress directed the Administrator of the Federal Aviation Administration ("FAA") not to "promulgate any rule or regulation regarding model aircraft" flown for recreational or hobby use under the FAA Modernization and Reform Act of 2012. Pub. L. 112-95, § 336(a), 126 Stat. 11, 77 (2012) (codified at 49 U.S.C. § 40101 note) (hereafter "FAA Modernization and Reform Act of 2012"). Contrary to this clear directive, the FAA has been exacting money and personal data illegally since at least December 21, 2015, from the very hobbyists Congress expressly exempted from FAA regulatory jurisdiction, by requiring the registration of model aircraft for recreational or hobbyist purposes. *Taylor v. Huerta*, 856 F.3d 1089 (D.C. Cir. 2017).

2.     Pursuant to the Little Tucker Act, 28 U.S.C. § 1346, Plaintiff Michael Reichert, on behalf of himself and all members of the proposed Class of all owners of model aircraft who registered their model aircraft with the FAA, seeks an order requiring the FAA to: (a) refund the $5 registration fee that each proposed Class member paid; (b) destroy all records collected or created for each proposed Class member; (c) remove any reference to each proposed Class member's registration and (d) pay all costs, disbursements and reasonable attorneys' fees incurred by the proposed Class in this action per 28 U.S.C. § 2412 or 28 U.S.C. § 1346.

## THE PARTIES

3.    Plaintiff Michael Reichert is a resident of Pulaski County, Arkansas.

4.    Michael P. Huerta is the administrator of the FAA and is the appropriate individual to sue in his official capacity on behalf of the FAA, which is part of the U.S. Department of Transportation. The FAA's address is 800 Independence Avenue SW, Washington, D.C. 20591.

## JURISDICTION AND VENUE

5.    This Court has original subject-matter jurisdiction over this action because it involves a federal question under 28 U.S.C. § 1331 and a civil claim of not more than $10,000 per claimant against the United States founded upon an act of Congress or a regulation of an executive department under 28 U.S.C. § 1346(a)(2) of the Little Tucker Act.

6.    Venue is proper under 28 U.S.C. § 1391 because the FAA is subject to personal jurisdiction here and regularly conducts business in the Eastern District of Arkansas and because a substantial part of the claims asserted herein occurred and continue to occur in this district.

## FACTUAL ALLEGATIONS

7.    In 2012, Congress put an end to the "debate over regulation of unmanned aircraft" and passed the FAA Modernization and Reform Act of 2012, which "codified the FAA's longstanding hands-off approach to the regulation of model aircraft" under § 336 of the Act, called the "Special Rule for Model Aircraft." *Taylor*, 856 F.3d at 1091.

8.    The FAA Modernization and Reform Act of 2012 § 336(a) says, "Notwithstanding any other provision of law relating to the incorporation of unmanned aircraft . . . the Administrator of the Federal Aviation Administration may not promulgate any rule or regulation regarding model aircraft . . . ." FAA Modernization and Reform Act of 2012.

9.    The FAA Modernization and Reform Act of 2012 § 336(c) defines model aircraft

(hereafter "Model Aircraft") as "unmanned aircraft" that is "(1) capable of sustained flight in the atmosphere; (2) flown within visual line of sight of the person operating the aircraft; and (3) flown for hobby or recreational purposes." FAA Modernization and Reform Act of 2012.

10.    In direct violation of Congress's explicit prohibition against such rule-making, the FAA promulgated rules or regulations December 16, 2015, to require all Model Aircraft hobbyists to register online their Model Aircraft, pay a $5 registration fee, provide detailed information on the owner and be subject to criminal jail time up to three years and fines up to $250,000 for not registering these toys. Registration and Marking Requirements for Small Unmanned Aircraft, 80 Fed. Reg. 78594 (Dec. 16, 2015), which amended Title 14 of the Code of Federal Regulations ("Registration Rule").

11.    Effective December 21, 2015, the Registration Rule requires "[a]ny small unmanned aircraft to be used exclusively as [M]odel [A]ircraft that have never been operated" to be registered with the FAA. *Id.*

12.    Effective February 19, 2016, the Registration Rule requires "[s]mall unmanned aircraft to be used exclusively as Model Aircraft and have been operated by their owner prior to December 21, 2015," to be registered with the FAA. *Id.*

13.    After Plaintiff registered his Model Aircraft, paid a $5 registration fee and provided the required personal information, the FAA issued him a *Small UAS Certificate of Registration* on February 19, 2016.

14.    As of December 21, 2016, more than 616,000 members of the proposed Class had registered their Model Aircrafts with the FAA, paid the FAA a $5 registration fee and provided personal information to the FAA. www.faa.gov/news/updates/?newsId=87049 (December 21, 2016).

15.     On May 19, 2017, the U.S. Appeals Court for the District of Columbia held, "The FAA's 2015 Registration Rule, which applies to Model Aircraft, directly violates that clear statutory prohibition . . . [so we] vacate the Registration Rule to the extent it applies to Model Aircraft." *Taylor,* 856 F.3d at 1090.

16.     On May 19, 2017, the FAA issued a press release stating it would continue to regulate     Model     Aircraft     and     continue     to     accept     registrations. https://www.faa.gov/news/press_releases/news_story.cfm?newsId=21674. The FAA stated, "We continue to encourage registration for all drone operators." *Id.*

17.     Upon learning of the D.C. Circuit Court's holding, Plaintiff electronically communicated a request to the FAA on June 2, 2017, for a refund of his $5 registration fee and for his name to be removed from the FAA's databases. Later that day, the FAA through its support@federaldroneregistration.com address emailed the Plaintiff: "We recommend contacting the FAA directly via uashelp@faa.gov or by calling 844-FLY-MY-UA for assistance. You can also visit https://www.faa.gov/uas/faqs/ for more information." As directed by the FAA email, Plaintiff called the FAA that same day and left a message substantially similar to his email request. As of the filing date, Plaintiff has not received a return call.

18.     Despite having its rules against requiring Model Aircraft registration vacated by *Taylor,* the FAA's website as of today's filing continues to require hobbyists to pay money (www.faa.gov/uas/faqs/#reg) to register their Model Aircraft weighing more than 0.55 pounds and to     disclose     personal     information     when     the     owners     want     to     "fly     for     fun." https://www.faa.gov/uas/getting_started/.

## CLASS ALLEGATIONS

19.     Plaintiff brings this action individually and on behalf of all others similarly situated

under the Federal Rules of Civil Procedure, Rule 23. This action satisfies the numerosity, commonality, typicality and adequacy prerequisites under Rule 23(a). In addition, this action satisfies the requirements of Rule 23(b)(3) and, alternatively, Rule 23(b)(2).

20.    The proposed Class is defined as the following:

> All owners of Model Aircraft who registered their Model Aircraft
> with the FAA.

21.    Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

22.    Proposed Class counsel, any judge who hears this case, and the United States and its agencies and instrumentalities are excluded from the proposed Class.

23.    The members of the proposed Class are so numerous that joinder is impractical. The proposed Class consists of hundreds of thousands of members, the identity of whom is within the knowledge of the FAA and can be ascertained by access to FAA records.

24.    The claims of the representative Plaintiff are typical of the proposed Class members' claims. Each registered his or her Model Aircraft, paid the FAA a $5 registration fee and disclosed personal information. The FAA's misconduct violated federal statutes that specifically prohibit the agency from making the rules or regulations above, which similarly damaged the representative Plaintiff and all members of the proposed Class.

25.    Furthermore, the factual basis of the FAA requiring hobbyists to register their Model Aircraft violates § 338 of the FAA Modernization and Reform Act of 2012. The FAA's illegal conduct is common to all members of the proposed Class and represents a common thread of illegal conduct resulting in injury to all members of the proposed Class.

26.    There are multiple questions of law and fact common to the proposed Class, and those common questions predominate over all questions affecting only individual proposed Class

members. Among the questions of law and fact common to the proposed Class are:

       a.     Whether the FAA's actions applied generally to the proposed Class under Rule 23(b)(2) because the FAA imposed the same illegal requirements on each Model Aircraft owner: a registration fee, disclosure of personal data, and display of an FAA-issued unique identifier on each Model Aircraft;

       b.     Whether the Registration Rule violated § 336 of the FAA Modernization and Reform Act of 2012;

       c.     Whether the FAA continues to commit wrongdoing through its failure to comply with § 336 of the FAA Modernization and Reform Act of 2012;

       d.     Whether restitution of registration fees is an appropriate remedy;

       e.     The proper method or methods by which to measure damages; and

       f.     The proper injunctive relief.

27.     Plaintiff's claims are typical of the claims of other proposed Class members in that they arise out of the same failure on the part of the FAA to comply with federal law, and Plaintiff and all members of the proposed Class paid the same registration fee, had to disclose personal information as part of the registration process, and are required to affix a unique identification number to their Model Aircraft.

28.     Plaintiff has suffered the harm alleged and has no interests antagonistic to the interests of any proposed Class member.

29.     Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions. Thus, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the proposed Class.

30.     A class action is superior to other available methods for the fair and efficient

adjudication of this controversy. Because the claim amount for each proposed Class member is very small relative to the complexity of the litigation and the United States Government has virtually unlimited financial resources, no proposed Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, each proposed Class member will continue to suffer losses, expend needless energy resolving one's claim and protecting one's privacy, and be at the mercy of the FAA's misconduct without remedy.

31.     Even if each proposed Class member could afford to litigate individually, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation also would create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

32.     Alternatively, class certification is appropriate pursuant to Rule 23(b)(2). In acting as alleged above, and in failing and refusing to cease and desist despite contrary directives from Congress and rulings by the D.C. Circuit, Defendant has acted on grounds generally applicable to the entire proposed Class, thereby making final injunctive relief and corresponding declaratory and equitable relief appropriate with respect to the proposed Class as a whole. The prosecution of separate actions by individual proposed Class members would create the risk of inconsistent or varying adjudications with respect to individual proposed Class members that would establish incompatible standards of conduct. In addition, injunctive relief is necessary to prevent further unlawful and unfair conduct by Defendant. Money damages, alone, could not afford adequate and complete relief, and injunctive relief is necessary to restrain Defendant from continuing to commit

its illegal acts.

## CLAIM FOR RELIEF: ILLEGAL EXACTION
(Violation of Little Tucker Act, 28 U.S.C. § 1346)

33.     Plaintiff repeats paragraphs 1 through 32 above.

34.     Plaintiff and the proposed Class bring this action under the Little Tucker Act, 28 U.S.C. § 1346, which waives sovereign immunity and "provides jurisdiction to recover an illegal exaction by government officials when the exaction is based on an asserted statutory power." *Aerolineas Argentina v. United States*, 77 F.3d 1564, 1572-74 (Fed. Cir. 1996) (allowing an illegal-exaction claim for excess user fees).

35.     Regardless of whether a statute creates an express cause of action, courts have a history of recognizing such illegal-exaction claims when the government takes money from a claimant in violation of a statute. *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005).

36.     Here, hundreds of thousands of people were forced to pay a registration fee, give up personal information and suffer other indignities with little, if any, public gain because of an overreaching administrator at the FAA who acted in violation of § 338 of the FAA Modernization and Reform Act of 2012.

37.     Plaintiff and members of the proposed Class have sustained damages from the FAA's disregard for Congressional authority forbidding the FAA from regulating hobbyist and recreational use of Model Aircraft as alleged herein, which continues to also violate privacy rights and has exacted money from hundreds of thousands of Model Aircraft owners.

38.     Plaintiff, on behalf of himself and proposed Class members, demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all Class Members, request that judgment be entered against Defendant and that the Court grant the following relief:

A.    An order determining that this action may be maintained as a class action pursuant to Rule 23(b)(3), or alternatively Rule 23(b)(2), of the Federal Rules of Civil Procedure, that Plaintiff is a proper class representatives, that Plaintiff's attorneys be appointed Class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and that Class notice be promptly issued;

B.    Judgment against Defendant for Plaintiffs' and Class Members' asserted causes of action;

C.    Appropriate declaratory relief against Defendant;

D.    An award of damages to Plaintiff and Class Members and restitution of all monies collected during the registration process;

E.    Preliminary and permanent injunctive relief against Defendant, including but not limited to destruction of all records collected or created on every Class member and removal of any reference to each Class member's registration;

F.    An award of reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 28 U.S.C. § 2412, 28 U.S.C. § 1346 and any other applicable law; and

G.    Any and all additional relief to which Plaintiff and Class Members may be entitled.

Dated:  June 12, 2017

Respectfully submitted,

Hank Bates, ABN 98063
Allen Carney, ABN 94122
Randall K. Pulliam, ABN 98015
CARNEY BATES & PULLIAM
519 West 7th Street
Little Rock, Arkansas 72201
Telephone: (501) 312-8500
Fax: (501) 312-8505
hbates@cbplaw.com

BY: _____
          HANK BATES, ABN 98063

- 10 -